LIGHTHORSE, APPELLEE, *v.*
CLINEFELTER, APPELLANT.

(No. 2187—Decided
June 17, 1987.)

*Lee C. Davies* and *Richard W. Shrake II,* for appellee.
*Judith A. Nicely,* for appellant.

MAHONEY, P.J. Barbara J. Clinefelter ("Barbara") appeals from an order denying her motion for summary judgment and granting summary judgment to Rebecca A. Lighthorse ("Lighthorse"). We affirm.

Facts

The relevant facts in this matter are undisputed. Lighthorse brought this action in the Wayne County Court of Common Pleas seeking to quiet title to certain property interests that she inherited from James W. Clinefelter

("James"). Barbara was James' wife until their divorce and she now claims an interest in two gas and oil leases executed by James and her.

The real property in controversy is located in Paint Township, Wayne County, Ohio. The parties agree that James inherited the property and took a fee simple interest prior to his marriage to Barbara in 1957.

In December 1980, a portion of the property was conveyed to Aden and Betty Miller. The Millers had executed a mortgage deed concerning the property in November 1980. James and Barbara were named as mortgagees on the mortgage deed and grantors on the warranty deed. The warranty deed contained the following clause:

"Reserving, however, unto the Grantors, their heirs and assigns ½ of all the minerals, including but not limited to oil and gas, underlying the surface of the premises above described. Reserving further unto the grantors, their heirs and assigns, the right to explore for and to drill and mine for said minerals, including oil and gas, however, the same shall be done only with consent of both Grantors and Grantees and further the right of ingress and egress over premises described herein for the purpose of said exploration and/or removal of said minerals, including oil and gas, is hereby reserved unto the Grantors, their heirs and assigns."

In September 1982, an oil and gas lease agreement regarding the property which was sold to the Millers was executed. Elan Resources, Inc. was the named lessee. James, Barbara, and the Millers were the named lessors. On the same day that that lease was executed, an oil and gas lease agreement was executed concerning the portion of the Paint Township property that James had retained. Elan Resources, Inc. was also the named lessee, with James and Barbara as the named lessors.

In 1983, James and Barbara were divorced. A separation agreement reached by James and Barbara was dictated in open court and incorporated into the divorce decree. The separation agreement provides in pertinent part:

"1. REAL PROPERTY

"All real property which the parties own shall be divided as follows:

"* * *

"c. Husband will receive free and clear of any claims of his wife, the promissory note and mortgage deed plus the additional acreage from the farm located in Paint Township, Wayne County, Ohio."

James died in 1984. In his will, James devised all of his interests in the Paint Township property to Lighthorse. The trial court found that Lighthorse, alone, is the owner of the oil and gas leases in controversy and granted her motion for summary judgment. We agree with the judgment of the trial court.

Assignment of Error

"The trial court erred by finding as a matter of law that James W. Clinefelter was a fee owner of the oil and gas underlying the premises of the land and the joining of appellant defendant, Barbara J. Clinefelter, as grantor (lessor), did not constitute a conveyance to her."

In her sole assignment of error, Barbara contends that the trial court erred, as a matter of law, in finding that she has no interest in the oil and gas leases. Barbara contends that she is entitled to legal or equitable title due to the fact that her name appears on the leases themselves as well as on the deeds to and from the Millers.

It is well-established Ohio law that minerals, including oil and gas, are considered realty until physically severed from the land. See *Kelley* v. *Ohio Oil Co.* (1897), 57 Ohio St. 317, 49 N.E. 399; *Pure Oil Co.* v. *Kindall*

(1927), 116 Ohio St. 188, 156 N.E. 119. Where the owner of a fee simple estate in realty grants title to the surface lands to another and retains ownership in one half of the minerals beneath the surface, the grantor retains a fee simple estate in one half of all of the minerals beneath the surface. *Gill* v. *Fletcher* (1906), 74 Ohio St. 295, 78 N.E. 433. Thus, Barbara's contention that the oil and gas interests at bar constitute personal property is without merit.

Barbara also contends that the inclusion of her name as grantor, mortgagee, and lessor on the various deeds and leases acts as a conveyance to Barbara from James. There is currently a conflict of authority as to whether a reservation or exception in a deed may serve to vest title in a stranger to the deed. Compare *Simpson* v. *Kistler Investment Co.* (Wyo. 1986), 713 P. 2d 751, with *Little* v. *Linder* (Tex. App. 1983), 651 S.W. 2d 895.

We find the rule followed in *Little* to be in accordance with Ohio law. It is generally held that a conveyance must contain operative words which indicate the intention to effect a grant. 26 Corpus Juris Secundum (1956) 637, 637-639, Deeds, Section 28. While it is unnecessary to specifically employ the word "grant," some word of like import is necessary in order to effect a conveyance. See, *e.g., Ohio Oil Co.* v. *Hurlbut* (1897), 6 Ohio Dec. 305, reversed on other grounds (1897), 7 Ohio C.D. 321, 14 Ohio C.C. 144, judgment of circuit court affirmed (1899), 60 Ohio St. 613, 54 N.E. 1103.

In the case *sub judice,* none of the documents in controversy contains language sufficient to effect a grant from James to Barbara. Consequently, Barbara's claim that the mere inclusion of her name as grantor, mortgagee, and lessor must fail.

Even assuming *arguendo* that Barbara at some point had gained an interest in the oil and gas estates in question, any such interest terminated as a result of the separation agreement that she entered into with James.

The separation agreement purports to dispose of all of the real property interests held by Barbara and James. The Paint Township property is specifically mentioned and granted to James, "free and clear of any claims" Barbara may have had.

A general maxim of interpretation is that courts should not interpret language which has no need of interpretation. See *Herder* v. *Herder* (1972), 32 Ohio App. 2d 75, 61 O.O. 2d 62, 288 N.E. 2d 213. We agree that "additional acreage" may not be the most artful language conceivable to refer to the real property interests in controversy. However, considering the separation agreement as a whole and the uncontroverted fact that James actually received the lease payments until his death, we find that Barbara relinquished all claims to the Paint Township property.

Barbara also contends that equity demands that she be granted an interest in the real property and/or the proceeds from the leases. However, Barbara has not demonstrated any sort of detrimental reliance on her part or unjust enrichment on the part of James. We find no inequity or error in the decision of the trial court.

### Summary

Barbara's assignment of error is overruled and the decision of the trial court is affirmed.

*Judgment affirmed.*

GEORGE and CACIOPPO, JJ., concur.