T.C. Memo. 2001-28


UNITED STATES TAX COURT


ROBERT W. SUHR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15074-98.                    Filed February 8, 2001.


<u>Michael J. Johrendt</u>, for petitioner.

<u>Gary R. Shuler, Jr.</u>, for respondent.


MEMORANDUM OPINION


COLVIN, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income tax of $29,757 for 1994 and $15,856 for 1995 and accuracy-related penalties under section 6662(a) of $2,640 for 1994 and $3,171 for 1995.

After concessions, the issue for decision is whether

petitioner is liable for tax on one-half of the capital gain realized on the sale of a house (the Arden Road house) that his former wife owned, one-half of the sale proceeds of which were awarded to him when he and his wife were divorced. We hold that he is not liable for tax on any of the capital gain. Thus, petitioner is not liable for the accuracy-related penalty under section 6662 for substantial understatement of tax for 1994 relating to the gain on the sale of the Arden Road house.[1]

Section references are to the Internal Revenue Code in effect during the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

### Background

The parties submitted this case fully stipulated under Rule 122.

A. Petitioner

Petitioner was born in 1942, and he lived in Thornville, Ohio, when he filed his petition. Petitioner is an attorney and has practiced law since 1970.

B. Petitioner's Marriage to Mary Lois Suhr

Petitioner and Mary Lois Suhr (Mrs. Suhr) were married in 1964 in Columbus, Ohio.

---

[1] Petitioner concedes that he is liable under sec. 6662 for 1994 and 1995 relating to the settled issues.

In 1969, Mrs. Suhr bought a house on Arden Road in Columbus, Ohio (the Arden Road house) for $40,000. She paid for the house in part by borrowing $7,000 from Dr. Wesley Suhr (not otherwise identified in the record) on September 30, 1969. The Arden Road house was titled solely in Mrs. Suhr's name.

Petitioner and Mrs. Suhr obtained a $20,000 mortgage from State Savings Bank secured by the Arden Road house on June 28, 1972. They were jointly liable on the mortgage.

Mrs. Suhr worked for an insurance company from 1969 to 1971. She left that job in December 1971. Petitioner provided the sole financial support for Mrs. Suhr and their children thereafter. Petitioner made payments on the mortgage to State Savings Bank from 1972 to 1994.

C.   Petitioner's and Mrs. Suhr's Divorce

Petitioner and Mrs. Suhr were divorced in April 1987 pursuant to a divorce decree entered by the Court of Common Pleas, Franklin County, Ohio. The divorce decree ended the marriage, included provisions for custody and support of their children, and divided their joint and separate property between petitioner and Mrs. Suhr.

The divorce decree provided that the Arden Road house, which was titled only in Mrs. Suhr's name, "shall remain in the names of" petitioner and Mrs. Suhr but granted Mrs. Suhr exclusive possession of that house. The divorce decree required petitioner and Mrs. Suhr to sell the Arden Road house no later than 8 years after the divorce; i.e., by June 15, 1995. Until then, the divorce decree required petitioner to pay the mortgage, real estate taxes, and insurance on the house. The divorce decree also provided that petitioner and Mrs. Suhr "shall do all things necessary to facilitate the sale of the house". The divorce decree provided that petitioner and Mrs. Suhr would each receive one-half of the net equity from the sale of the Arden Road house; that is, the amount remaining after paying the mortgage, real estate commission, prorated taxes, and other selling costs.

The divorce decree did not require Mrs. Suhr to transfer her title or any interest in the Arden Road house to petitioner, and she never did so. In contrast, the divorce decree required Mrs. Suhr to transfer her right, title, and interest to 1577-1579 South High Street, Columbus, Ohio, by quitclaim deed to petitioner. Mrs. Suhr transferred her title to the South High Street property to petitioner on December 9, 1988.

D.   Petitioner's Personal Financial Statement

Petitioner signed a personal financial statement on September 23, 1989 (i.e., after he was awarded, but before he

received, one-half of the net equity from the Arden Road house), to obtain a loan from Park National Bank. The statement said that petitioner owned a 50-percent interest in the Arden Road house, that he acquired it in November 1969, and that it was subject to an $18,000 mortgage.

E.   Sale of the Arden Road House

Mrs. Suhr sold the Arden Road house for $155,000 on July 27, 1994. Mrs. Suhr signed the Seller's Affidavit and Survivorship Deed, and Mrs. Suhr and petitioner each signed an Addendum to Sales Contract, Agency Disclosure Statement, and Addendum to Inspection Clause. State Savings Bank released petitioner and Mrs. Suhr from the mortgage September 12, 1994, upon payment of the $20,632.55 balance owed on the mortgage. Selling expenses totaled $10,928.50.

Pursuant to the divorce decree, petitioner and Mrs. Suhr each received $61,156.84 from the sale of the Arden Road house. On July 27, 1994, Mrs. Suhr used the proceeds from the sale of the Arden Road house to buy a house in Gahanna, Ohio, for $112,900, and she thus was eligible for nonrecognition of gain under former section 1034.

## Discussion

A.   Background

The issue for decision is whether petitioner must recognize gain in 1994 from the sale of the Arden Road house. Generally, a

taxpayer must recognize gain on the sale of a personal residence he or she owns. See sec. 1001(c); <u>United States v. Mitchell</u>, 403 U.S. 190, 197 (1971); <u>Potter v. Commissioner</u>, 47 B.T.A. 607, 623 (1942). In determining ownership, State law controls. See <u>United States v. Mitchell</u>, <u>supra</u>; <u>Aquilino v. United States</u>, 363 U.S. 509, 512-513 (1960).

B. <u>Whether Petitioner Had an Ownership Interest in the Arden Road House</u>

Respondent contends that petitioner is subject to capital gains tax on one-half of the proceeds from the sale of the Arden Road house because the house was marital property. See <u>Berish v. Berish</u>, 432 N.E.2d 183, 184-185 (Ohio 1982); <u>Wolfe v. Wolfe</u>, 350 N.E.2d 413, 422 (Ohio 1976), overruled on other grounds <u>Cherry v. Cherry</u>, 421 N.E.2d 1293 (Ohio 1981). Respondent contends that, because the Ohio court considered the Arden Road house to be marital property, it conferred ownership in the house on petitioner.

We disagree. Property need not be jointly owned to be marital property under Ohio law. Under Ohio law, marital property includes property that is currently owned by either spouse or both spouses, and that was acquired by either spouse or both spouses during the marriage. See Ohio Rev. Code Ann. sec. 3105.171(A)(3)(a) (Anderson 2000).[2] Respondent's reliance on <u>Berish</u>

---

[2] Ohio Rev. Code Ann. sec. 3105.171(A)(3) (Anderson 2000)
(continued...)

[2](...continued)
provides as follows:

3105.171 Equitable division of marital and separate
property; distributive award

    \*        \*        \*        \*        \*        \*        \*
    (3)(a) "Marital property" means, subject to
division (A)(3)(b) of this section, all of the
following:

    (i) All real and personal property that
    currently is owned by either or both of the
    spouses, including, but not limited to, the
    retirement benefits of the spouses, and that
    was acquired by either or both of the spouses
    during the marriage;

    \*        \*        \*        \*        \*        \*        \*

    (b) "Marital property" does not include any
separate property.

    \*        \*        \*        \*        \*        \*        \*

    (6)(a) "Separate property" means all real and
personal property and any interest in real or personal
property that is found by the court to be any of the
following:

    (i) An inheritance by one spouse by
    bequest, devise, or descent during the course
    of the marriage;

    (ii) Any real or personal property or
    interest in real or personal property that
    was acquired by one spouse prior to the date
    of the marriage;

    \*        \*        \*        \*        \*        \*        \*

    (iv) Any real or personal property or
    interest in real or personal property
    acquired by one spouse after a decree of
    legal separation issued under section 3105.17

(continued...)

v. Berish, supra, and Wolfe v. Wolfe, supra, for the proposition that marital property under Ohio law is jointly owned by both spouses is misplaced. Berish and Wolfe establish a presumption that property purchased during a marriage is marital property; they are silent on the question of ownership or coownership of that property. Indeed, the fact that an asset is marital property does not establish that both spouses own the property. See Ohio Rev. Code Ann. sec. 3105.171(A).

Respondent points out that the divorce decree stated that the Arden Road house "shall remain in the names of" petitioner and Mrs. Suhr. Respondent contends that this shows that petitioner had an ownership interest in the house. We disagree. The Court of Common Pleas awarded petitioner one-half of the proceeds from the sale of the Arden Road house but did not transfer title or grant him an ownership interest in it. That

---

[2](...continued)
    of the Revised Code;

        (v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement;

    *        *        *        *        *        *        *

        (vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.

the court did not intend to award an ownership interest in the Arden Road house to petitioner is shown by the fact that, elsewhere in the divorce decree, the court ordered Mrs. Suhr to transfer her title in the 1577-1579 South High Street property to petitioner. This shows that when the court intended to award ownership, it did so expressly; it did not expressly award ownership of the Arden Road house, which we construe to mean it did not so intend.

The fact that the court awarded petitioner one-half of the proceeds on the sale of the Arden Road house does not mean that it awarded him an ownership interest in the property. See Urbauer v. Commissioner, T.C. Memo. 1997-227 (tax liability is triggered by a taxpayer's ownership interest in property, not by his or her marital interest in the proceeds from the sale of the property); Rushworth v. Rosie, No. 98-G-2186 (Ohio Ct. App. Oct. 22, 1999) (a right to receive proceeds from the sale of property is not an ownership interest under Ohio law). In Friscone v. Commissioner, T.C. Memo. 1996-193, a divorce decree awarded the wife 55 percent of the proceeds from the sale of stock owned by her former husband and provided that she was liable for 55 percent of the tax due to the sale of the stock. We held that the divorce decree awarded the wife a 55-percent ownership interest in the stock. The Ohio court did not provide comparable language in the instant case.

The fact that petitioner was jointly liable on the mortgage and that he made payments on the mortgage from 1972 to 1994 does not establish that he had an ownership interest in the Arden Road house. See Lighthorse v. Clinefelter, 521 N.E.2d 1146, 1148 (Ohio Ct. App. 1987) (inclusion of wife's name as grantor, mortgagee, and lessor in connection with certain parcel of land owned by husband was insufficient to vest title to land in wife). Also, the fact that petitioner executed some of the closing documents for the sale of the house does not establish that he had an ownership interest in the Arden Road house because the divorce decree required him to cooperate in the sale of the house.

Similarly, the fact that petitioner signed a personal financial statement which stated that he owned a 50-percent interest in the Arden Road house does not establish that he had an ownership interest in the house. Petitioner signed the statement after he was awarded (but before he received) half of the net equity from the sale of the Arden Road house. His signature on the financial statement does not establish that he coowned the house.

To reflect concessions and the foregoing,

Decision will be entered under Rule 155.