OPINION *Page 2 
{¶ 1} Plaintiff Carrie A. Hickman appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which adopted the report of the magistrate to whom the matter was referred, except as to a scrivener's error not at issue here. Appellee is Ronald Hickman. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED ERROR AND ABUSED ITS DISCRETION WHEN IT ISSUED A JUDGMENT APPROVING A MAGISTRATE'S DECISION WHICH ENFORCED AN ORAL AGREEMENT WHICH DID NOT CONFORM TO THE SETTLEMENT AGREEMENT READ INTO THE RECORD IN OPEN COURT.
 {¶ 3} "II. THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT DENIED APPELLANT'S OBJECTIONS TO A MAGISTRATE'S DECISION AND DID NOT ORDER APPELLEE AND HIS COUNSEL TO PREPARE AN AGREEMENT WHICH COMPORTED TO THE IN-COURT RECORDED STATEMENT."
 {¶ 4} The record indicates the parties entered into an oral separation agreement on March 7, 2008. Counsel for the parties read the agreement into the record before a magistrate, and the magistrate directed appellee's counsel to prepare a written document detailing the oral agreement. Subsequently, appellant refused to sign the written separation agreement. The magistrate approved it on April 21, 2008, and appellant filed objections. The trial court overruled the objections and adopted the decision.
 {¶ 5} Our standard of reviewing a court's decision in a domestic relations matter is generally the abuse of discretion standard.Booth v. Booth (1989), *Page 3 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard applicable to alimony orders in Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217; to property divisions in Martin v. Martin (1985), 18 Ohio St. 3d 292; to custody proceedings in Miller v. Miller (1988), 37 Ohio St. 3d 71; and to calculations of child support in Dunbar v. Dunbar,68 Ohio St. 3d 369, 533-534, 1994-Ohio-509, 627 N.E.2d 532. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable,Blakemore, supra, at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Pons v. Ohio State Med. Board, (1993), 66 Ohio St.3d 619,621.
 I {¶ 6} In her first assignment of error, appellant argues the court abused its discretion when it issued a judgment enforcing a written agreement that did not conform to the oral agreement read into the record in open court.
 {¶ 7} There are two areas which appellant claims the court erred, namely, the business assets and the real estate division. Appellant argues the parties agreed appellee would have his business equipment and rental "stuff", but the written separation agreement lists the items more specifically. Appellant argues the changes regarding the personal property include items not contained in the oral agreement.
 {¶ 8} In addition, appellant orally agreed to sign over to appellee all real property. The written separation agreement stated appellee was to receive all the parties' real property including the oil and gas lease. The oil and gas lease was not referred to specifically in the oral agreement as read into the record. *Page 4 
 {¶ 9} The court reviewed the transcript of proceedings to determine what the agreement actually stated, and found the proposed written agreement contains substantial additional terms which were not included at the hearing. The trial court included findings of fact and conclusions of law in its judgment entry on the objections.
 {¶ 10} The trial court found it is well established Ohio law that mineral rights are considered realty until they are physically severed from the land, citing Lighthorse v. Clinefelter (1987),36 Ohio App. 3d 204, 205, 521 N.E. 2d 1146, citing Kelley v. Ohio Oil Company (1897),57 Ohio St. 317, 49 N.E. 399. Thus, an agreement to transfer real property includes the mineral rights unless the agreement specifically excludes them.
 {¶ 11} Appellee urges the final written decree accurately reflects the oral agreement of the parties even though it contains more specific language. Appellee asserts no new terms were added to the parties' oral agreement.
 {¶ 12} We have reviewed the record, including the transcript of proceedings wherein the parties presented their oral agreement, and we agree with the trial court although the final distribution of property is more specific, it does not contradict the original oral agreement. We conclude the trial court did not abuse its discretion or commit an error of law.
 {¶ 13} The first assignment of error is overruled.
 II {¶ 14} In her second assignment of error, appellant argues the court erred in overruling her objections to the magistrate's decision, and instead, the court should have ordered appellee to prepare a new agreement conforming to the statement read into the record, without any additions. *Page 5 
 {¶ 15} In light of our findings in I supra, we find the trial court did not err in not directing appellee to revise the separation agreement.
 {¶ 16} The second assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Gwin, J., Farmer, P.J., and Hoffman, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed. Costs to appellant. *Page 1